## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RADIAL ENGINES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-19-00841-PRW |
| | ) | |
| YRC FREIGHT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Defendant's Motion to Dismiss Plaintiff's Petition (Dkt. 3). For the reasons that follow, the Court grants the motion in part and denies it in part.

### *Background*

Plaintiff, Radial Engines, Ltd., ("Radial") repairs, remanufactures, and overhauls radial aircraft engines.[1] Defendant, YRC Freight, Inc., ("YRC") is a freight transportation business.[2]

Radial contracted with YRC to ship an aircraft from Guthrie, Oklahoma, to Pottstown, Pennsylvania, in a sealed cargo trailer.[3] According to the Petition, upon arrival

---

[1] *See* Pet. (Dkt. 1, Ex. 1) at 1.

[2] *See id.* at 1-3; Pl.'s Resp. to Def.'s Mot. to Dismiss (Dkt. 6) at 1.

[3] *See* Pet. (Dkt. 1, Ex. 1) at 1.

to the destination, the seal showed signs of tampering and the aircraft was damaged.[4] Radial filed a claim with YRC for the damage to the aircraft, but YRC promptly rejected it.[5]

Radial then sued YRC in the District Court of Logan County[6] seeking a "money judgment" in excess of the jurisdictional minimum plus interest, costs, attorney's fees, and any other relief deemed just and proper.[7] The Petition lays out the facts outlined above in support but enumerates no particular cause or causes of action. It concludes with this, its sole legal assertion: "It was YRC's duty to ensure that [Radial's] property was delivered in good condition and YRC breached that duty."[8]

YRC subsequently removed to this Court pursuant to 28 U.S.C. § 1332.[9]

Now, YRC asks this Court to dismiss Radial's Petition.[10] YRC begins by observing that the Petition does not explicitly state a cause of action.[11] It then infers breach of contract and negligence claims.[12] And these claims, YRC argues, are preempted by the Carmack

---

[4] *See id.* at 2.

[5] *See id.*

[6] *See id.* at 1.

[7] *Id.* at 3.

[8] *Id.*

[9] *See* Notice of Removal (Dkt. 1).

[10] *See* Def.'s Mot. to Dismiss Pl.'s Pet. (Dkt. 3).

[11] *See* Def.'s Br. in Supp. of Mot. to Dismiss (Dkt. 4) at 1.

[12] *See id.* at 1–2.

Amendment, found in 49 U.S.C. § 14706.[13] Therefore, it concludes, Radial's Petition should be dismissed for failure to state a claim upon which relief can be granted.[14, 15]

### *Discussion*

As Radial effectively concedes,[16] and well-established authority settles, the Carmack Amendment completely preempts state law on the subject of carrier liability for goods lost or damaged in shipment under a bill of lading,[17] including state-law claims for

---

[13] *See id.*

[14] *See id.* at 2.

[15] In the last two sentences of the body of its opening brief, YRC argues for the first and only time in that brief that the Carmack Amendment "preempts all claims that exceed the amount of the loss or injury to the goods, such as business interruption damages or punitive damages," and that "[c]laims for attorneys' fees are also not recoverable in a Carmack Amendment case." Def.'s Br. in Supp. of Mot. to Dismiss (Dkt. 4) at 5. It elaborates no further and cites no legal authority in support. Radial, perhaps understandably overlooking these cursory arguments, does not address them in its response. Because these arguments are not adequately developed, the Court will not address them either, at least not at this juncture. If YRC wishes to pursue these arguments, it may bring them more squarely before the Court in another motion.

[16] *See* Pl.'s Resp. to Def.'s Mot. to Dismiss (Dkt. 6) at 6 ("If Plaintiff had applied labels to its claims, the Carmack Amendment's preemptive effect would not vitiate the pleading, but instead would 'convert [] plaintiff's state law claims of breach of contract and negligence into claims arising under federal law.'" (citation omitted)).

[17] *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913) ("Almost every detail of the subject [of the liability of a carrier under a bill of lading] is covered so completely [by the Carmack Amendment] that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." (citations omitted)).

negligence[18] and breach of contract.[19] So, to the extent Radial can be said to assert such claims,[20] its claims fail as a matter of law.

But that does not mean Radial's Petition fails to state any claim at all. The Carmack Amendment specifically provides a federal cause of action.[21] To establish a prima facie claim under that federal cause of action, Radial, as a shipper, need only demonstrate delivery in good condition to a carrier, arrival in damaged condition to the destination, and the amount of damages.[22] Radial alleges each of these elements: As Radial succinctly puts it, "the Petition plainly identifies Radial as a shipper, YRC as a carrier, a cargo, and damage to that cargo while it was in YRC's possession and control"[23] in excess of the jurisdictional minimum.[24, 25] This is more than adequate to state a claim at this early stage.

---

[18] *See Underwriters at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) (holding that "the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading").

[19] *See Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–07 (5th Cir. 1993) (holding, *inter alia*, that the Carmack Amendment preempts state-law claims for breach of contract and negligence).

[20] The Court notes in passing that YRC's effort to dismiss claims that may-or-may-not be asserted would have been better preceded by a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

[21] *See* 49 U.S.C. § 14706(d)(1)–(2).

[22] *See Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964) ("[U]nder federal law, in an action to recover from a carrier for damage to a shipment, the shipper establishes a prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages.").

[23] *See* Pl.'s Resp. to Def.'s Mot. to Dismiss (Dkt. 6) at 4.

[24] *See* Pet. (Dkt. 1, Ex. 1) at 2–3 (stating that the aircraft sustained damage in transit and demanding judgment in excess of the amount required for diversity jurisdiction).

[25] YRC acknowledges as much in the opening of its brief:

The fact that Radial's Petition does not expressly state it is asserting a claim under the Carmack Amendment is of no consequence. "The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief."[26]

### Conclusion

For the foregoing reasons, the Court dismisses Radial's claims for negligence and breach of contract but does not dismiss Radial's claim under the Carmack Amendment or its requested relief. Accordingly, Defendant's Motion to Dismiss Plaintiff's Petition (Dkt. 3) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED** this 19th day of February 2021.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

As alleged by Plaintiff in the Petition, this action arises out of the interstate transportation by YRC of certain property (the "Cargo"), from Guthrie, Oklahoma to Pottstown, Pennsylvania. Plaintiff alleges that the Cargo was damaged by YRC. Plaintiff further alleges that because of the alleged damage to the Cargo, Plaintiff has been damaged in an amount "in excess of the amount required for diversity jurisdiction . . . ." Plaintiff contends that it is entitled to damages from the loss of the damaged Cargo and an award of interest, costs, and attorney's fees.

Def.'s Br. in Supp. of Mot. to Dismiss (Dkt. 4) at 1 (citations omitted).

[26] 5 C. Wright & A. Miller, Federal Practice and Procedure § 1219 (3d ed. 2020); *see Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (The Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (citations omitted)).